1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAIFUSIN CHIU,                     No.  2:24–cv–401–DJC–KJN PS

12                  Plaintiff,          ORDER GRANTING IFP REQUEST AND
                                        FINDINGS AND RECOMMENDATIONS TO
13        v.                            DISMISS

14   PRESIDENT OF US, et al.,           (ECF No. 2.)

15                  Defendants.

16

17        Plaintiff, who proceeds without counsel in this action, requests leave to proceed in forma

18   pauperis ("IFP").[1]  (ECF No. 2.)  See 28 U.S.C. § 1915 (authorizing the commencement of an

     action "without prepayment of fees or security" by a person who is unable to pay such fees).
19
     Plaintiff's affidavit makes the required financial showing, so plaintiff's request is granted.
20
          However, the determination that a plaintiff may proceed without payment of fees does not
21
     complete the inquiry.  Under the IFP statute, the court must screen the complaint and dismiss any
22
     claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek
23
     monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).  Further, the federal court
24
     has an independent duty to ensure it has subject matter jurisdiction in the case.  See United
25
     Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).
26

27
     _____
28   [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
     E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

                                                1

1          **Legal Standards**

2          Rule 8(a) requires that a pleading be "(1) a short and plain statement of the grounds for the

3  court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is

4  entitled to relief; and (3) a demand for the relief sought, which may include relief in the

5  alternative or different types of relief."  Each allegation must be simple, concise, and direct.  Rule

6  8(d)(1); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (overruled on other grounds)

7  ("Rule 8(a) is the starting point of a simplified pleading system . . . .").

8          A claim may be dismissed because of the plaintiff's "failure to state a claim upon which

9  relief can be granted."  Rule 12(b)(6).  A complaint fails to state a claim if it either lacks a

10  cognizable legal theory or sufficient facts to allege a cognizable legal theory.  Mollett v. Netflix,

11  Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  To avoid dismissal for failure to state a claim, a

12  complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic

13  recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

14  555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action,

15  supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678

16  (2009).  Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a

17  claim to relief that is plausible on its face."  Id.  "A claim has facial plausibility when the plaintiff

18  pleads factual content that allows the court to draw the reasonable inference that the defendant is

19  liable for the misconduct alleged."  Id.

20          When considering whether a complaint states a claim upon which relief can be granted,

21  the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S.

22  89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan

23  v. Allain, 478 U.S. 265, 283 (1986).  The court is not, however, required to accept as true

24  "conclusory [factual] allegations that are contradicted by documents referred to in the complaint,"

25  or "legal conclusions merely because they are cast in the form of factual allegations."  Paulsen v.

26  CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

27          Pro se pleadings are to be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 342 & n.7

28  (9th Cir. 2010) (liberal construction appropriate even post–Iqbal).  Prior to dismissal, the court is

1  to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it

2  appears at all possible the defects can be corrected.  See Lopez v. Smith, 203 F.3d 1122, 1130-31

3  (9th Cir. 2000) (en banc).  However, if amendment would be futile, no leave to amend need be

4  given.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

5  **Analysis**

6  Here, plaintiff's complaint is difficult to discern.  It appears to concern an academic hold

7  placed on plaintiff's account at college, but lists no sources of law as a basis for a claim.  As with

8  other of plaintiff's filing in this court, plaintiff seeks a judgment granting him a purple heart, 999

9  USD, and other relief.  (See ECF No. 1.)

10  The complaint does not contain facts that indicate any basis for federal jurisdiction or that

11  support any cognizable legal claim.  Instead, the complaint consists entirely of fanciful and

12  nonsensical sentences and allegations with no basis in law and no plausible supporting facts.

13  Accordingly, the complaint cannot support relief and must be dismissed.  See Neitzke, 490 U.S.

14  at 327; Twombly, 550 U.S. at 570.

15  Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because

16  the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies

17  through further amendment of the complaint, the court concludes that granting leave to amend

18  would be futile.  Cahill, 80 F.3d at 339.

19  **VEXATIOUS LITIGANT WARNING**

20  This complaint is similar to other cases filed by pro se plaintiff in this court in the last

21  year, in which he files disjointed and fanciful allegations that state no claims and fails to amend

22  after being provided standards for amendment.  See, e.g., Chiu v President of the United States,

23  2:22-cv-00809-TLN-DB; Chiu v President of the United States, 2:22-cv-01853-DAD-AC; Chiu

24  v. Consumes River College, 2:23-cv-00096-TLN-CKD; Chiu v President of the United States,

25  2:23-cv-00097-DJC-JDP, Chiu v President of the United States, 2:23-cv-00098-KJM-JDP; Chiu v

26  President of the United States, 2:23-cv-00835-DJC-JDP; Chiu v President of the United States,

27  2:23-cv-01199-DJC-CKD.  Plaintiff is warned that continued abuse of the court's process may

28  result in a vexatious litigant order being entered against him that could restrict his ability to file

3

1    new cases in this court.  De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing

2    requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a

3    litigant to seek permission from the court prior to filing any future suits).

4                                **ORDER AND RECOMMENDATIONS**

5            Accordingly, IT IS HEREBY ORDERED that plaintiff's IFP application is GRANTED.

6    Further, it is RECOMMENDED that the action be DISMISSED WITH PREJUDICE, and the

7    Clerk of Court be directed to CLOSE this case.

8            These findings and recommendations are submitted to the United States District Judge

9    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

10   days after being served with these findings and recommendations, plaintiff may file written

11   objections with the court.  Such a document should be captioned "Objections to Magistrate

12   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

13   the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan,

14   158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

15   Dated:  February 27, 2024

16                                                              _____
                                                                CAROLYN K. DELANEY
17                                                              UNITED STATES MAGISTRATE JUDGE

18   chiu.401

19

20

21

22

23

24

25

26

27

28